commission was based on the amount of repair work performed. Thus it is clear to us as matters of both fact and law that at the time of the accident the Lovato auto was being used in the automobile business and the exclusion from coverage is applicable.

Due to our finding with regard to the applicability of the automobile business exclusion to the omnibus coverage clause found in defendant's policy, we need not discuss plaintiff's contention that Flowers was not a permissive user of the Lovato auto.

The judgment entered below is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SULLIVAN, P. J., and ENGLISH, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWIN ZAYAS, Defendant-Appellant.

(No. 58193;

First District (5th Division)—January 25, 1974.

PER CURIAM.
ENGLISH, J., took no part.

James J. Doherty, Public Defender, of Chicago (Richard A. Kavitt and Robert Gevirtz, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.